In the Matter of HERMAN GOLDSTEIN (Known Also as HERMAN W. GOLDSTEIN), an Attorney, Respondent.

First Department, July 15, 1932.

*Einar Chrystie*, for the petitioner.

*Francis Dean*, for the respondent.

FINCH, P. J.  The respondent was admitted to practice as an attorney and counselor at law in the State of New York on November 13, 1922, at a term of the Appellate Division, First Department.

By the petition herein the respondent was charged with professional misconduct as follows: During the month of December, 1929, the respondent rented desk space from Miss Yetta M. Aronsky, an attorney, having an office at 18 East Forty-first street, Manhattan.  On December 19, 1929, the respondent borrowed from Miss Aronsky the sum of ten dollars.  On the day following Miss Aronsky received a cash fee from a client.  The respondent was present at the time and saw the money turned over to Miss Aronsky. He thereupon asked her to cash his check and stated that if she would give him ninety dollars in cash, he would give her his check for one hundred dollars, which would cover the ten dollars received the day before.  Miss Aronsky thereupon gave him the ninety dollars and the respondent drew and gave to her his check on the Murray Hill Trust Company dated December 20, 1929.  This transaction occurred late in the afternoon.  On the day following the respondent asked Miss Aronsky to please hold the check for a couple of days and explained that he did not have enough money at that time to cover it.  The respondent did not come to the office for several days thereafter and Miss Aronsky sent the check to the bank upon which it had been drawn to be certified.  Certification was refused and a notice was attached to the check marked " account closed."  Miss Aronsky then went to the bank herself and was advised by an officer in charge that the account of the respondent had been closed for several months.  Miss Aronsky thereafter confronted the respondent with the check and asked for an explanation.  He asserted that there must be some mistake and made an appointment to go with her to the bank to straighten the matter out.  He failed, however, to keep the appointment or otherwise to communicate with Miss Aronsky, and has failed to repay any part of the one hundred dollars received from her.

The respondent answered and the matter was referred to a referee to take testimony with respect to the charge and to report the same to this court with his opinion thereon.

The learned referee has duly reported. finding the respondent guilty as charged.

The matter is now before this court upon the motion of the petitioner for confirmation of the report of the referee and for such other action as may be deemed just and proper.

Proof was adduced by the petitioner which *prima facie* established the charges against the respondent.  The respondent, in his answer and before the referee, denied that he had received $90 in cash

from Miss Aronsky. He admitted giving Miss Aronsky a check for $100, but claimed this check was to be used only in the event Miss Aronsky advanced $100, which amount the respondent testified he was trying to raise on behalf of one Bazakis, a friend, whom the respondent claimed to have started in the candy business and who needed this amount to make up a month's rent of $125. The respondent further testified that he had attempted previously to borrow the $125 from one Jacobs, to whom he had taken Bazakis; that Jacobs was unable to lend $125 but did lend $25, " which he then and there gave Mr. Bazakis and myself." Bazakis, called as a witness by the respondent in an attempted corroboration of his testimony, testified that the respondent had promised to raise the $125, but denied that he had received any money from the respondent or any one else or that he had accompanied the respondent to any place for the purpose of raising this money. The attempt of the respondent to corroborate his testimony by that of Bazakis thus failed signally. The respondent did not produce Jacobs as a witness, but submitted an affidavit which stated as follows: " On or about the 20th day of December, 1929, Herman Goldstein came to my office  *  *  *  and informed me that he needed $125 to help an acquaintance of his, Louis Bazakis, to pay his rent. I very gladly loaned Herman Goldstein $25, which sum he repaid to me several days later." This affidavit obviously furnishes no corroboration of the claim of the respondent, but, on the contrary, tends to indicate that Bazakis did not accompany the respondent to the office of Jacobs. All that affidavit alleges is that the respondent borrowed and repaid twenty-five dollars.

Subsequent to the submission of the report of the referee, the respondent moved for the reopening of the proceeding and its resubmission to the referee upon the ground that the latter was mistaken in the conclusion that an affidavit of Jacobs, submitted by the respondent in corroboration of his testimony, contradicted him. The respondent submits that while this affidavit does not corroborate the testimony of the respondent in every respect, it does not contradict it, and requests an opportunity of having Jacobs testify. The respondent submits no affidavit from Jacobs setting forth the facts concerning which he would testify. At the most, any such testimony would but create an issue of credibility between Jacobs and Bazakis, the latter of whom testified he did not accompany the respondent to the office of Jacobs. This proposed testimony also would only bear at the best upon a side issue.

The respondent further urges that upon a further hearing he may be able to discredit Miss Aronsky by showing that she had failed to mention to a cotenant that the respondent had defrauded

her, and also by further examination of the bank accounts of the respondent. No facts whatsoever in aid of the latter contention are set forth. Evidence as to the former would be irrelevant and incompetent.

The application to resubmit is denied.

The contention of the respondent upon its face verges on the incredible and is contradicted by all the probabilities, as well as by the direct testimony on behalf of the petitioner. If, as the respondent testified, he had informed Miss Aronsky that he had no funds and that the check he gave her could be paid only in the event of the sale of the candy shop of Bazakis, there is no apparent reason why Miss Aronsky should have either advanced him the money or presented the check for payment. The record, unfortunately, would seem to present but another instance of a delinquent attorney endeavoring by false testimony to clear himself of a serious charge. In the case at bar this conduct is particularly reprehensible since in effect it involves a countercharge against another attorney of an attempt improperly to obtain one hundred dollars from the respondent, and failing this, the making of a false charge against the respondent. Such conduct but accentuates the unfitness of the respondent and his unworthiness of any clemency.

When an attorney resorts to the giving of a check upon an account closed several months before in order to obtain ninety dollars in cash and then concocts a false story as an excuse for it, which story practically charges a fellow attorney with endeavoring to cheat the respondent, and then, failing in this, as already noted, making a false charge against the fellow attorney, the punishment that should be meted out is not in doubt.

The respondent should be disbarred.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Respondent disbarred.